IN THE UNITED STATES DISTRICT COURT
               FOR THE NORTHERN DISTRICT OF ILLINOIS
                          EASTERN DIVISION

COREY B. STERN,                    )
                                   )
               Plaintiff,          )
                                   )
     v.                            )     No. 09 C 2473
                                   )
AMERICAN HOME MORTGAGE             )
SERVICING, INC.,                   )
                                   )
               Defendant.          )

                   MEMORANDUM OPINION AND ORDER

     Late last week American Home Mortgage Servicing, Inc.
("American Home") filed a timely Notice of Removal ("Notice") to
bring this action from the Circuit Court of Cook County into this
District Court.  American Home invokes diversity jurisdiction,
based on the Illinois citizenship of plaintiff Corey Stern
("Stern") (Notice ¶5) and its own dual citizenship in Delaware
and Texas (Notice ¶6) under 28 U.S.C. §1332(c)(1),[1] coupled with
Stern's stated ad damnum of damages "in excess of One-Hundred
Thousand Dollars and 00/100 ($100,000.00), representing the
amount that STERN would have saved by obtaining a mortgage with
an interest rate of four and seventy-five percent (4.75%) per
year in January, 2009, and all collection costs, including
attorney's fees,[2] incurred by Plaintiffs" (Complaint ¶36).

---

     [1] All further references to Title 28's provisions will
simply take the form "Section--."

     [2] Those last items do not of course enter into Section
1332(a)'s amount-in-controversy calculation, which expressly
excludes interest and costs.

That characterization by Stern has triggered the issuance of this sua sponte opinion because of this Court's independent obligation stated in such cases as <u>Wernsing v. Thompson</u>, 423 F.3d 732, 743 (7th Cir. 2005):

> Jurisdiction is the power to declare law, and without it the federal courts cannot proceed. Accordingly, not only may the federal courts police subject matter jurisdiction sua sponte, they must.

In that regard Stern's assertion raises an issue comparable to the one stated in one of the many aphorisms attributable to Abraham Lincoln:

> If you call a tail a leg, how many legs has a dog? Five? No, calling a tail a leg don't <u>make</u> it a leg.

According to the documents attached to Stern's Complaint, his existing mortgage is written at an annual 5.25% interest rate. Assuming the truth of his Complaint ¶36 allegation (as this Court must for current purposes) that he could have obtained a 4.75% mortgage but for American Home's asserted misconduct, the impact of his interest saving--½ of 1% on a mortgage now in the range of $284,000--would not even begin to approach what Stern alleges in Complaint ¶24: that he "would save at least Three-Hundred Dollars and 00/100 ($300.00) per month on his monthly Mortgage payment."

That allegation is advanced "[o]n information and belief"--but the source of any such "information" is highly suspect, for this Court's resort to two independent and readily

available computer programs shows that number to be way out of line. Instead this Court's calculations would put the savings figure far lower--at some $70 to $80 monthly, payable over a period short of 25 years.[3] Moreover, any claimed damages would constitute only the present value--not the aggregate--of the future stream of reduction in monthly payments.[4]

In short, there is no way in which Stern's asserted damages could even approach the over-$75,000 amount required for diversity jurisdiction under Section 1332, and that under-the-radar figure would not be pushed over the line even if one were to take account of Stern's Count I prayer that American Home should also "pay for an accountant to file an amended 2008 tax return." Both Stern's lawyer and American Home's counsel should have crunched the numbers more accurately--the former in drafting the Complaint and the latter in considering whether the case was removable.

---

[3] This Court's figures are necessarily approximations, because the only hard numbers in the exhibits attached to the Complaint show (1) monthly mortgage payments of $1,722.32 covering principal and interest (that number is exclusive of escrow deposits, which are of course irrelevant to the damages calculation) and (2) an early 2009 mortgage balance of about $284,500. But the text's extrapolation from those numbers has to be very close to the real thing.

[4] Indeed, further fine tuning would drive the projected savings to an even lower figure. For example, any refinancing of the mortgage would of course hit Stern with fees and closing costs, and the reduced interest payments would also lessen Stern's income tax deduction if he itemizes deductions on his tax return.

3

This action is accordingly ordered remanded to the Circuit Court of Cook County under Section 1447(c) for lack of subject matter jurisdiction. To enable the parties to proceed with the litigation without further delay, the Clerk's Office is ordered to transmit the certified copy of the remand order forthwith.

_____
Milton I. Shadur
Senior United States District Judge

Date: April 28, 2009